UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| **KIMBERLY SMITH,** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **APPLIED RESEARCH ASSOCIATES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Defendant, APPLIED RESEARCH ASSOCIATES, INC. ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby requests that this Court remove this action from the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, to the United States District Court for the Northern District of Florida, Panama City Division, and in support of this Petition states as follows:

**I.   BACKGROUND**

Plaintiff, KIMBERLY SMITH ("Plaintiff"), a former employee of Defendant, brought this action on July 14, 2020, in the Circuit Court of the Fourteenth Judicial

1

Circuit, in and for Bay County, Florida, styled *Kimberly Smith v. Applied Research Associates, Inc.*, and assigned case number 20-CA-001308 (the "Circuit Court Case"). Defendant was served with Plaintiff's Complaint on October 8, 2020. Copies of all process, pleadings and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2 of the U.S. District Court for the Northern District of Florida.

In the Complaint, Plaintiff alleged the following four counts: (i) gender discrimination in violation of the Florida Civil Rights Act, § 760.01, Fla. Stat., *et seq.* ("FCRA"); (ii) retaliation in violation of the FCRA; (iii) workers' compensation retaliation in violation of § 440.205, Fla. Stat.; and (iv) disability discrimination in violation of the FCRA. *See* Comp. Ex. "A," Compl. at ¶¶ 36, 47, 53, and 59.

On November 11, 2020, Defendant filed a Motion to Dismiss the Complaint ("Motion to Dismiss"). *See* Comp. Ex. "A," Mot. Dismiss. On December 8, 2020, Plaintiff filed a First Amended Complaint ("Amended Complaint"). In the Amended Complaint, Plaintiff withdrew her claim of workers' compensation retaliation in violation of § 440.205, Fla. Stat. The Amended Complaint now alleges: (i) gender discrimination in violation of the FCRA; (ii) retaliation in violation of the FCRA;

and (iii) disability discrimination in violation of the FCRA.[1] *See* Comp. Ex. "A," Am. Compl. at ¶¶ 34, 45, and 51.

The United States District Court for the Northern District of Florida, Panama City Division, encompasses the judicial district in which the Amended Complaint was filed. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1(B) of the U.S. District Court for the Northern District of Florida.

This Notice of and Petition for Removal has been filed within 30 days of the filing of the Amended Complaint. 28 U.S.C.S. § 1446(b)(3). The Complaint was not initially removable because it was a civil action which arose under Florida's workers' compensation laws. 28 U.S.C.S. § 1445(c) provides that "a ***civil action*** in any state court arising under the ***workmen's compensation laws*** of such state ***may not be removed*** to any district court of the United States." *Id.* (emphasis added). Plaintiff has withdrawn her claim of workers' compensation retaliation, and, as a result, the Amended Complaint is presently removable. Accordingly, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the 14th Judicial Circuit, in and for Bay County, Florida.

---

[1] In light of the Amended Complaint Defendant filed a Notice of Withdrawal of Defendant's Motion to Dismiss Plaintiff's Complaint.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.   Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-cv-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### B.   Complete Diversity of Citizenship Exists Between the Parties

Plaintiff alleges that at all times material hereto she was a resident of the State of Florida and was employed by Defendant. Comp. Ex. "A," Am. Compl. at ¶ 3.

A corporation is deemed a citizen of every state by which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of New Mexico and

maintains its principal place of business in the State of New Mexico. *See* Declaration of Elizabeth A. Fisk at ¶ 5 ("Fisk Decl."), attached hereto as **Exhibit "B."**

Accordingly, Defendant is a citizen of the State of New Mexico. Since Defendant is not a citizen of the State of Florida, like Plaintiff, Defendant has satisfied its burden of showing that there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of domicile and citizenship supports a finding that diversity exists and removal is proper).

### C.   The Amount in Controversy Exceeds $75,000[2]

Plaintiff alleges the following types of damages: (1) lost wages and benefits; (2) compensatory damages; (3) punitive damages; (4) injunctive relief; and (5) attorneys' fees. *See e.g.* Ex. "A," Am. Compl. at ¶¶ 42, 49, and 57.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable

---

[2] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not to be in excess of the jurisdictional limit. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

      **i.    Back Pay and Front Pay**

In the event Plaintiff prevails on her claims pursuant to the FCRA, she would be presumptively entitled to recover damages for back pay, and front pay or reinstatement. § 760.11(5), Fla. Stat.; *see also Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *14 (N.D. Fla. Feb. 27, 2006) (discussing back pay under the FCRA); *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-

cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *4-5 (M.D. Fla. Jan. 17, 2017) (discussing back pay and front pay under the FCRA). "For the purpose of estimating the amount in controversy, the potential back pay award may be computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Deel*, 2006 Dist. LEXIS 10174 at *14.

At the time of her termination in 2016, Plaintiff's weekly salary was $1,333.20. *See* Fisk Decl. ¶ 6. Plaintiff was also eligible to participate in a number of Defendant's employee benefits, including medical, dental, vision, 401(k) plan, Employee Stock Ownership Plan ("ESOP"), and life insurance. *See id*. at ¶ 6.

Plaintiff's potential back pay can be determined by calculating her lost wages from the date she was terminated, September 13, 2016, through the date of trial. It is reasonable to estimate a trial date of approximately twelve months from the date of removal, or December 15, 2021. If Plaintiff prevails at trial, Plaintiff would be entitled to approximately 274 weeks of back wages, or approximately **$365,296.80.**

Courts in this Circuit have found that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6. Plaintiff's potential front pay would be equal to **$69,326.40**. The combined amount of back and front pay damages in controversy is equal to **$434,623.20**, and therefore, the jurisdictional amount in controversy requirement is satisfied.

### ii. Compensatory Damages

Plaintiff seeks compensatory damages, including damages for emotional distress, mental pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. *See* Comp. Ex. "A," Am. Compl. at ¶¶ 42, 49, and 57. These type of damages are expressly provided for under the FCRA. § 760.11(5), Fla. Stat.; *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6.

When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7. However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Jury verdict reports in similar actions where compensatory damages were awarded confirm that prevailing plaintiffs have recovered awards that meet or exceed the jurisdictional threshold. *See, e.g., Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (awarding $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) (awarding $100,000 in emotional damages).

*Mark DeCarlo v. City of Tallahassee,* 4:14-cv-00388-WS-CAS, (N.D. Fla., Tallahassee Division) (awarding $700,000 in pain and suffering damages).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

### iii. Punitive Damages

Plaintiff also seeks an award of punitive damages in Count II of the Amended Complaint. *See* Comp. Ex. "A," Am. Compl. at ¶ 49. Punitive damages are recoverable under the FCRA and are capped at $100,000. § 760.11(5), Fla. Stat.

Because Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the law, it is appropriate for the Court to include the full **$100,000.00** amount authorized by the FCRA when calculating the amount in controversy. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7; *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, *16-17 (M.D. Fla. May 11, 2005) (claim for punitive damages further increased the amount in controversy above the $75,000 jurisdictional threshold, as nothing in the complaint or motion for remand indicated that plaintiff was seeking less than the maximum allowable amount of punitive damages). "Any inquiry into whether [Plaintiff] *would* actually recover these amounts [of punitive damages] is unnecessary and inappropriate, for the purposes of

establishing jurisdiction, it is enough to show that he *could*." *Wineberger*, 2015 U.S. Dist. LEXIS 5570 at *4. Thus, the amount in controversy necessary for diversity jurisdiction is clearly satisfied by Plaintiff's claim for punitive damages.

### iv.   Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees for her claims under the FCRA. *See* Comp. Ex. "A", Am. Compl., WHEREFORE clause at p. 12. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Brown*, 2005 U.S. Dist. LEXIS 38862 at *13 (citation omitted); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6. Attorneys' fees should be calculated through the trial date. *See Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008) (amount in controversy was satisfied where plaintiff sought $49,413.72 for treatment and care and defendant offered evidence that attorneys' fees would reach at least $28,000 during litigation); *Alshakanbeh v. Food Lion, LLC*, No. 3:06-cv-1094-J-12HTS, 2007 U.S. Dist. LEXIS 20746, *7 (M.D. Fla. Mar. 23, 2007) (counsel for defendant's estimate of plaintiff's attorneys' fees through trial was not a conclusory or speculative allegation); *Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7 (estimate that plaintiff's attorneys' fees through the time of trial will amount to at least $62,500 was reasonable).

Here, Plaintiff's counsel could reasonably expend more than 125 hours litigating this action, which would include witness depositions, drafting and

answering discovery, responses to any dispositive motions, and preparation and attendance for two or three day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$30,000.00** in attorneys' fees.

### v. Total Amount in Controversy

While Defendant disputes the allegations set forth in the Amended Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction. The amount in controversy that may be reasonably inferred from the Amended Complaint includes back pay, front pay, emotional distress damages, punitive damages, and reasonable attorneys' fees. Based on the estimates set forth above, the amount in controversy exceeds **$594,623.20**, well in excess of the threshold amount of $75,000.

**WHEREFORE**, Defendant requests that this Court accept the removal of this action from the Circuit Court of the Fourteenth Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated this 18th day of December 2020.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>501 Riverside Avenue, Suite 902
>Jacksonville, FL  32202
>Telephone:  (904) 638-2655
>
>By: */s/ B. Tyler White*
>      B. Tyler White
>      Florida Bar No. 038213

Tyler.White@jacksonlewis.com
M. Megan Coughlin
Florida Bar No. 113667
Megan.Coughlin@jacksonlewis.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December 2020, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Marie Mattox, Esq.
Adam Ellis, Esq.
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL  32303
Adam@mattoxlaw.com
Marie@mattoxlaw.com
Michelle2@mattoxlaw.com

*Attorney for Plaintiff*

*/s/ B. Tyler White*
Attorney

4832-6823-4191, v. 2